IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-0309-01 |
| | § | |
| ADONIS ABBOTT | § | (Civil Action No. H-09-1321) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Adonis Abbott, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. # 221). Abbott has also filed a memorandum in support. (Doc. # 222). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-09-1321) for reasons set forth below.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

A federal grand jury in this district returned an indictment against Abbott, charging him with bank robbery and use of a firearm during a crime of violence. After this Court denied Abbott's motion to suppress evidence, Abbott agreed to a stipulated bench trial. This Court found Abbott guilty as charged and, after considering a presentence report ("PSR") prepared by the Probation Office, sentenced him to serve a total of 168 months in federal prison. The conviction was affirmed on direct appeal. *See United States v. Abbott*, No. 06-20925 (5th Cir. Feb. 13, 2008) (unpublished), *cert. denied*, — U.S. —, 128 S. Ct. 2945 (June

16, 2008).

Abbott now seeks relief from his conviction and sentence under 28 U.S.C. § 2255. Abbott contends that he is entitled to relief because he was denied effective assistance of counsel in connection with his bench trial. For reasons explained in more detail below, Abbott fails to show that he is entitled to relief under the governing standard of review.

## II.   STANDARD OF REVIEW

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

Abbott proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*,

429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). Nevertheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

### III. DISCUSSION

Abbott insists that he is entitled to relief under 28 U.S.C. § 2255 because was denied effective assistance of counsel at his bench trial. A defendant's claim that he was denied effective assistance of counsel is governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Fields*, — F.3d —, 2009 WL 975806 at *3 (5th Cir. 2009). To satisfy this test, a petitioner "[f]irst . . . must show that [his] counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

Second, the petitioner "must show that the deficient performance prejudiced the defense." *Id*. at 687. "This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id*. To do so, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Abbott was represented at his bench trial by local criminal defense attorney Robert Fickman. Abbott complains that Fickman was deficient because he failed to clarify on the record that Abbott wished to waive his right to a jury trial and proceed with a bench trial. Abbott contends further that Fickman failed to hold the government to its burden of proof on all of the elements of the offense of robbery. Each argument is addressed separately below.

> **A.    Failure to Clarify Abbott's Waiver of the Right to a Jury Trial**

Abbott complains that Fickman was deficient because he failed to clarify for the record whether Abbott "affirmatively and expressly" waived his right to a jury trial. In support of his claim, Abbott notes that the Court was under the impression that he was undecided about whether to waive his right to a jury, pointing to the following exchange that occurred prior to the start of his bench trial:

> COURT:    All right. You're thinking about giving up the right to have that jury listen to the evidence and decide the case. Thinking about having me decide the case.
>
> ABBOTT:    Yes, your Honor.
>
> COURT:    But you haven't yet made your final decision. And I'm

>just explaining to you all the rights that you have, the options.

(Doc. # 189, at 9). Abbott maintains that Fickman was deficient because he should have secured the waiver in writing or made certain that Abbott's decision was clearly made.

Contrary to Abbott's argument, the record is not silent as to whether he understood his right to a jury trial, but wished to waive that right. The record shows that the Court asked Abbott if he wanted a jury trial, but that he requested a bench trial:

> COURT: Mr. Abbott can go to trial if he wants it.
>
> ABBOTT: No.
>
> FICKMAN: Oh, no. We're in agreement.

(Doc. # 189, at 3). Based on this assertion, the Court found that Abbott "knowingly, voluntarily, intelligently, and with the advice of his lawyer" was requesting to engage in a bench trial. (*Id.* at 8).

There is no evidence in the record showing that Abbott was confused or undecided about whether he wanted to waive his right to a jury and proceed with a trial to the bench. In that respect, Abbott had a clear opportunity to request a jury trial in this instance, but did not do so and he effectively waived that right by proceeding with the bench trial. Thus, Abbott fails to show that he did not expressly or effectively waive his right to a jury trial. More importantly, Abbott does not allege that, but for any deficiency on his counsel's part, he would have insisted on a jury trial. Therefore, even if counsel's performance was deficient, Abbott fails to allege facts showing that he suffered actual prejudice as a result.

It follows that Abbott fails to demonstrate a valid claim for ineffective assistance of counsel on this issue.

### B. Failure to Hold the Government to its Burden of Proof

Abbott complains further that Fickman failed to object on the grounds that the evidence was legally insufficient to support his conviction for bank robbery. In particular, Abbott complains that the government failed to present proof that the bank at issue was insured by the Federal Deposit Insurance Corporation (the "FDIC"), which is an essential element of the offense of bank robbery. Abbott contends, therefore, that Fickman failed to hold the government to its burden of proof.

As the Fifth Circuit noted on direct appeal, the parties stipulated in writing prior to trial that the bank in question was insured by the FDIC. (Doc. # 96). Abbott does not dispute that the parties stipulated to this issue in advance of the trial. He fails to show that the bank at issue was not FDIC insured or that his attorney had a valid objection to make on this issue. Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, the defendant fails to demonstrate deficient performance or actual prejudice. *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted). Because Abbott has failed to demonstrate deficient performance or actual prejudice, he fails to establish a valid claim for ineffective-assistance of counsel and he is not entitled to relief under 28 U.S.C. § 2255 on this issue.

### IV. CERTIFICATE OF APPEALABILITY

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability ("COA") is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural

ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V. CONCLUSION

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Court **ORDERS** as follows:

1. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. # 221) is **DENIED** and the corresponding civil action (H-09-1321) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-09-1321).

SIGNED at Houston, Texas, on May 28th, 2009.

Nancy F. Atlas
United States District Judge

8